G. CLIFFORD NOBLE, Respondent, *v.* GEORGE P. ELDREDGE and HARRY J. HAYDEN and Others, as Voting Trustees under a Voting Trust Agreement Dated March 22, 1915, Appellants, Impleaded with HINDS, NOBLE & ELDREDGE and Others, Defendants.

First Department, December 29, 1916.

Corporations — representative action to recover an illegal dividend — counterclaim — demand of defendant for issuance of preferred stock — agreement of incorporators construed — when future rights of parties will not be determined.

In a representative action brought by a stockholder for the benefit of his corporation to recover dividends claimed to have been illegally paid by the corporation to the defendant, a counterclaim, which sets forth an agreement made on the organization of the corporation whereby the defendant, so long as he continued to be a stockholder, should receive six per cent per annum on the par value of his stock, the payments to be made out of a fund representing two-thirds of all the net profits of the corporation, does not state a cause of action entitling the defendant to a decree that preferred stock be issued to him pursuant to the agreement, and a demurrer to such counterclaim is properly sustained.

Such contract did not call for the issuance of preferred stock, and to entitle the defendant to such stock a special agreement therefor, either by the incorporators or by the corporation itself, was necessary.

Moreover, the defendant has no right to an adjudication that his representatives and assigns are entitled to the same preference in dividends claimed by him, for until an assignment of the stock, or the death of the stockholder, these questions are not before the court which will not adjudicate as to what may be future rights.

APPEAL by the defendants, George P. Eldredge and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of June, 1916, dismissing the counterclaims contained in the amended answers upon the decision of the court, demurrers having been interposed thereto.

An appeal is also taken from an order entered in said clerk's office on the 1st day of June, 1916, granting plaintiff's motion for judgment on the pleadings, dismissing the counterclaims and sustaining the demurrers thereto.

*Edward F. Clark*, for the appellants.

*Frederick T. Kelsey*, for the respondent.

Smith, J.:

This is a representative stockholder's action to recover back from defendant Eldredge for the benefit of the corporation certain dividends which have been paid to the said Eldredge upon two grounds, *first*, that they have been paid out of the principal of the corporate funds and not out of profits, and *second*, upon the ground of the illegality of an agreement by which said Eldredge obtained a dividend preference upon his stock.

In March, 1904, the defendant, appellant, Eldredge and another defendant named Gideon were owners of the stock of Eldredge & Brother, a corporation engaged in publishing school and college textbooks. The plaintiff Noble and one Arthur Hinds were engaged in a similar business under the name of "Hinds & Noble." At that time these four men entered into a written agreement for the consolidation of their respective businesses into a new corporation to be known as "Hinds, Noble & Eldredge." In that new corporation Eldredge was to receive $55,000 — 550 shares of the capital stock. In the 4th paragraph of the agreement it is provided: "The corporation conducting said consolidated business shall purchase, and shall have the right to purchase, in each year at par, out of its surplus earnings, at least ten shares of the stock of George P. Eldredge, and as many shares in addition as the board of directors shall decide, until said Eldredge shall have disposed of all of his stock, the amount of stock so to be purchased by the new corporation not to exceed $55,000 par value."

The 5th paragraph of the agreement then reads: "One-third of all the net profits of the consolidated business shall be retained in the business to be used as working capital for the purposes of said business by the corporation conducting the consolidated business. Out of the remaining two-thirds the corporation shall, so long as said Eldredge shall hold any stock of said corporation, pay to him six per cent per annum on the par value of his stock, to be paid semi-annually, at the time when dividends on the corporate stock shall be payable, or more frequently, in the discretion of the board of directors.

The remainder of said two-thirds shall be distributed as dividends among the stockholders of the corporation. The six per cent payable as above to said Eldredge shall be regarded as payment of or on account of any dividend to which his stock shall be entitled."

As a matter of fact the corporation has never purchased any of this stock of Eldredge as it was required and authorized to do under paragraph 4, but Eldredge has been paid his six per cent upon his stock before any dividends have been declared to other stockholders, in pursuance of the 5th paragraph of the agreement above quoted. As before stated, this action is brought to recover back a part of these dividends upon the two grounds, *first*, that they have been paid out of principal and not out of profits, and, *second*, that the preference created by paragraph 5 of this contract is an illegal preference. Plaintiff's counsel now relies solely upon the first ground, and makes no claim upon this argument that the preference is illegal. Defendant has answered, and asks that the corporation issue to him preferred stock, that is, stock that shall be preferred as to this dividend in accordance with the terms of the agreement. This claim is set up as a counterclaim, and to this counterclaim a demurrer has been interposed as not stating facts sufficient to constitute a cause of action, and from the order sustaining the same the defendants Eldredge and others here appeal. All the stockholders have been now brought into the action, so that all the parties are before the court.

The order should, I think, be sustained. There was no provision in the contract calling for the issuance of any preferred stock. The defendant Eldredge relied upon the agreement itself for his protection. Without a special agreement, therefore, either by the incorporators or by the corporation itself, I am unable to find in him any right to claim the issuance of stock preferring him even as to dividends. Nor has he the right to an adjudication that he *and his representatives and assigns* are entitled to preferred dividends upon his stock at the rate of six per cent per annum in each and every year that sufficient profits shall have been earned. Whether the agreement is strictly personal to Eldredge while he shall hold the stock, or whether the right to preferential dividends passes to

his assigns or personal representatives, is not before the court for decision, and cannot arise until either some of the stock be assigned or until after his death his representatives acquire possession thereof. It is not the province of the court to adjudicate upon what *may be* the rights of future parties who *may* acquire the ownership of the stock.

The judgment and order should, therefore, be affirmed, with costs.            •

CLARKE, P. J., McLAUGHLIN, SCOTT and PAGE, JJ., concurred.

Judgment and order affirmed, with costs.